Citation Nr: 1829739 
Decision Date: 07/25/18 Archive Date: 08/02/18

DOCKET NO. 14-35 773 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Los Angeles, California


THE ISSUES

1. Whether the rating reduction from 40 percent to noncompensable for bilateral hearing loss, effective January 1, 2014, was proper.

2. Entitlement to a compensable rating for bilateral hearing loss from January 1, 2014.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

The Veteran



ATTORNEY FOR THE BOARD

C. Boyd Iwanowski, Counsel


INTRODUCTION

The Veteran served on active duty from May 1980 to January 1987.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a November 2013 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in San Diego, California. Original jurisdiction of the claim now resides with the RO in Los Angeles, California.
 
In January 2018, the Veteran testified at a video conference hearing before the undersigned. A transcript of that proceeding is of record.

The issue of entitlement to a compensable rating for bilateral hearing loss from January 1, 2014 is addressed in the REMAND portion of the decision below and is REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDINGS OF FACT

1. The Veteran received notice of the proposed reduction of his 40 percent rating for bilateral hearing loss by way of an August 2013 rating decision and notification letter dated in September 2013, and he was notified of his right to submit additional evidence and request a predetermination hearing. 

2. The proposed reduction for bilateral hearing loss was implemented in a November 2013 rating decision, effective June 1, 2014, and was made in compliance with applicable due process laws and regulations. 

3. At the time of the November 2013 rating decision implementing the rating reduction, the rating being reduced had been in effect for less than five years, and the medical evidence reflected material improvement in the Veteran's bilateral hearing loss disability under the ordinary conditions of life.


CONCLUSION OF LAW

The reduction of the 40 percent rating for bilateral hearing loss to 0 percent was proper. 38 U.S.C. §§ 1155, 5107, 5112; 38 C.F.R. §§ 3.102, 3.105(e) & (i), 3.344, 4.1, 4.2, 4.3, 4.10, 4.85, 4.86, Diagnostic Code (DC) 6100.


REASONS AND BASES FOR FINDINGS AND CONCLUSION

With respect to the propriety of the reduction in the rating for bilateral hearing loss from 40 to 0 percent, 38 C.F.R. § 3.105 (e) sets forth procedural requirements for reductions in disability compensation ratings. When a reduction is anticipated and would decrease the overall monetary benefits received by the veteran, as here, the RO must issue a rating action proposing the reduction and setting forth all material facts and reasons for the reduction. The veteran must then be given 60 days to submit additional evidence and to request a predetermination hearing. After expiration of the 60-day period, if no hearing is requested, a rating action will be taken to effectuate the reduction based on the evidence of record. 38 C.F.R. § 3.105 (e). The effective date of the reduction will be the last day of the month in which a 60-day period from the date of notice to the Veteran of the final action expires. 38 C.F.R. § 3.105 (e), (i)(2)(i). A reduction is void ab initio if the RO reduces a veteran's disability rating without following these requirements. See Kitchens v. Brown, 7 Vet. App. 320, 325 (1995).

In this case, the Board finds that the notice and procedural requirements have been satisfied. The Veteran was notified of the RO's intent to reduce his bilateral hearing loss rating in an August 2013 rating decision. In September 2013, the Veteran was sent a letter informing him that he had 60 days in which to present additional evidence and 30 days to request a predetermination hearing. He did not request a hearing.

The proposed reduction of his rating for his bilateral hearing loss disability was effectuated by a November 2013 rating decision, effective from January 1, 2014, thereby meeting the requirement of a 60-day waiting period between the date of the final action and the effective date of the reduction. Given the chronology of the processes described above, the Board finds that the RO complied with the procedures for reducing the Veteran's disability rating for his bilateral hearing loss effective June 1, 2014. 38 C.F.R. § 3.105 (e), (i).

The Veteran challenges the reduction of his 40 percent rating for bilateral hearing loss to 0 percent. Having decided that the procedural requirements as set forth in 38 C.F.R. § 3.105 were met, the question to be addressed is whether, given the available evidence, the Veteran's condition improved such that a reduction was warranted.

The Board notes that the provisions of 38 C.F.R. § 3.344 (a), which apply to evaluations in effect for five years or more, are not for application in this case. Rather, the provisions of 38 C.F.R. § 3.344 (c) concerning disabilities that have not stabilized, are applicable. This regulation provides that reexaminations disclosing improvement will warrant a rating reduction. In any rating reduction case, not only must it be determined that an improvement in disability has occurred, but also that that the improvement in disability actually reflects an improvement in the appellant's ability to function under the ordinary conditions of life and work. See Faust v. West, 13 Vet. App. 342, 349 (2000).

In general, disability ratings are based on the average impairment of earning capacity, and are determined by applying the criteria set forth in VA's Schedule for Rating Disabilities (Rating Schedule). 38 U.S.C. § 1155; 38 C.F.R. § 4.1. Rating hearing loss specifically requires a mechanical application of the Rating Schedule, using numeric designations based upon the results of controlled speech discrimination tests (Maryland CNC), together with the average hearing threshold level as measured by pure tone audiometry tests in the frequencies of 1000, 2000, 3000, and 4000 Hertz. See 38 C.F.R. § 4.85. By applying the tables in the Rating Schedule to the veteran's test results, a Roman numeral designation is assigned, ranging from Level I for essentially normal acuity to Level XI for profound deafness. See 38 C.F.R. § 4.85, DC 6100, Table VI and Table VIA. These Roman numeral designations are then used to determine the percentage evaluation for hearing impairment by applying Table VII. See 38 C.F.R. § 4.85, DC 6100, Table VII. 

The current rating criteria includes alternate methods of rating exceptional patterns of hearing loss, as defined in 38 C.F.R. § 4.86. Under 38 C.F.R. § 4.86, when the pure tone threshold at each of the four specified frequencies (1000, 2000, 3000, and 4000 Hertz) is 55 decibels or more, the rating specialist will determine the Roman numeral designation for hearing impairment from either Table VI or Table VIA, whichever results in the higher numeral. Also, when the pure tone threshold is 30 decibels or less at 1000 Hertz and 70 decibels or more at 2000 Hertz, the rating specialist will determine the Roman numeral designation for hearing impairment from either Table VI or Table VIA, whichever results in the higher numeral. That numeral will then be elevated to the next higher Roman numeral.

The Veteran was initially assigned a 40 percent rating based on the findings of a December 2009 VA audiological evaluation. He complained mainly of constant tinnitus which he indicated was very bothersome. At the examination, he exhibited pure tone thresholds, in decibels, as follows: 

1000 Hz
2000 Hz
3000 Hz
4000 Hz
Right Ear
 65
75
 84
85
Left Ear
 80
80
85
85

The average decibel loss was 76 decibels in the right ear and 83 decibels in the left ear. Speech discrimination scores were 65 percent on the right and 60 percent on the left. The Veteran had exceptional hearing loss in both ears. Based on Table VIA, he had Level VI hearing loss in the right ear and Level VII hearing loss in the left ear. Applying Table VII, the Veteran's hearing loss warranted a 30 percent rating. Based on Table VI, the Veteran had Level VII hearing acuity in right ear and Level VIII hearing acuity in the left ear. Applying Table VII, the Veteran's hearing loss warranted a 40 percent evaluation. As Table VI resulted in the higher numeral, a 40 percent rating was assigned. 

In March 2012, the Veteran filed a claim for an increased rating. The RO continued the 40 percent rating in a July 2012 rating decision after a VA examination in which the findings could not be used for rating purposes because of audiometric scores that were inconsistent or not reliable.

In May 2013, the Veteran filed another claim for an increase. In July 2013, the Veteran's brother submitted a statement indicating that to converse with the Veteran, he had to stand directly in front of him and that even with hearing aids, his hearing appeared to be degrading. 

In August 2013, the Veteran underwent another VA examination. During this examination, the Veteran described perceiving difficulty functioning on a day to day basis because of his hearing loss, especially in social situations and hearing instructions at work. He exhibited pure tone thresholds, in decibels, as follows: 

1000 Hz
2000 Hz
3000 Hz
4000 Hz
Right Ear
 35
65
 65
80
Left Ear
 45
60
65
80

The average decibel loss was 61 decibels in the right ear and 62 decibels in the left ear. Speech discrimination scores were 88 percent on the right and 86 percent on the left. Based on Table VI, the Veteran had Level III hearing acuity in right ear and Level III hearing acuity in the left ear. Applying Table VII, objective test results did not demonstrate entitlement to a compensable rating. 

In October 2013, the Veteran submitted a statement indicating his hearing had not gotten any better attached a private audiology evaluation. The audiology test results showed moderate-severe slightly sloping sensorineural hearing loss bilaterally. However, the evaluation did not include speech recognition scores that complied with the Maryland CNC test. As a result, the evaluation could not be used to rate the Veteran's hearing loss.

In December 2014, the Veteran sought private treatment stating his hearing aids were not working properly. Audiological testing showed similar results to those demonstrated at the August 2013 VA examination.
In January 2018, the Veteran testified at a hearing before the Board. He related having "serious hearing loss in both ears" and complained of a constant hissing in the right ear and a ringing in his left ear that were continuous. He indicated regular problems associated with the constant hissing and ringing. He repeated his belief that his hearing loss had progressively worsened.
Overall, the evidence shows improvement in the Veteran's hearing acuity which has been maintained under the ordinary conditions of life; after the December 2009 evaluation, objective testing that was valid for VA rating purposes has not shown findings consistent with a compensable evaluation. Pursuant to 38 C.F.R. § 3.344(c), reexaminations disclosing improvement will warrant a rating reduction and the Board finds that the rating reduction from 40 to 0 percent was warranted in this case. 
To the extent the Veteran feels he cannot hear well, he is certainly competent to describe his hearing loss. Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). However, a veteran's description of his service-connected disability must be considered in conjunction with the clinical evidence of record. The Board emphasizes again that disability ratings for hearing loss are derived by a mechanical application of the rating schedule. Lendenmann v. Principi, 3 Vet. App. 345, 349 (1992). Notably, the Veteran is separately service connected for tinnitus and receiving the maximum available 10 percent rating given the ringing and hissing in his ears. 

Given evidence that the Veteran's hearing loss may be worse now than it was in 2013, the Board is remanding the claim for entitlement to a compensable rating for hearing loss from January 1, 2014.
ORDER

The reduction in rating for bilateral hearing loss from 40 percent to 0 percent disabling was proper, and the appeal is denied.

REMAND

The Veteran testified at his January 2018 hearing that his bilateral hearing loss had progressively worsened in severity. He also indicated he had recently been given new hearing aids. As the evidence indicates that the disability may have increased in severity since the examination in August 2013, VA is required to afford the Veteran a contemporaneous VA examination to assess the current nature, extent, and severity of his hearing loss. See Palczewski v. Nicholson, 21 Vet. App. 174, 181 (2007).

Accordingly, the case is REMANDED for the following action:

1. Associate all outstanding VA treatment records with the electronic claims file.

2. Schedule the Veteran for a VA audiological examination by an audiologist to determine the current severity of his service-connected hearing loss. All records in Virtual VA and VBMS must be provided to and reviewed by the examiner as part of the examination. All pertinent symptomatology and findings must be reported in detail. The examiner must specifically address the functional effect of the Veteran's hearing loss on his occupational ability and daily activities. A complete rationale should be provided for any opinion expressed.

3. The Veteran is to be notified that it is his responsibility to report for the examination and to cooperate in the development of the claim. The consequences for failure to report for a VA examination without good cause may include denial of the claim. 38 C.F.R. §§ 3.158, 3.655 (2017). In the event that the Veteran does not report for the aforementioned examination, documentation should be obtained which shows that notice scheduling the examination was sent to the last known address. It should also be indicated whether any notice that was sent was returned as undeliverable.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
DEREK R. BROWN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2017).